**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Matthew Levinson,

          Plaintiff,

   v.

Board of Regents, et al.,

          Defendants.

Case No. 2:26-cv-00881-APG-BNW

**SCREENING ORDER AND
REPORT AND RECOMENDATION**

Plaintiff is proceeding *pro se* under 28 U.S.C. § 1915 and has requested authority to proceed *in forma pauperis.* ECF No. 12. He filed the application required by § 1915(a). *Id*. Plaintiff has shown an inability to prepay fees and costs or to give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted. This Court will now review Plaintiff's complaint.

**I.      Screening Standard.**

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

**II.    Screening the complaint**

Plaintiff's complaint is essentially void of any factual allegations. *See* ECF No. 1-1. Instead, his complaint simply relies on conclusory statements, which are not sufficient to state claims. Moreover, the complaint fails to delineate which factual allegations correspond to each asserted claim and/or defendant. Even liberally construing Plaintiff's complaint, it does not state sufficient factual allegations about the underlying disputes and the defendants' role in the matter to state any claim.

**A. Instructions for amendment**

If Plaintiff chooses to file an amended complaint, the document must be titled "amended complaint." The amended complaint must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and the defendants' involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the federal rules of civil procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of his claims against it and of Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-3) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**III.     Motion for service of process (ECF No. 17)**

This Court will order the service of process on any claims that survive screening. As explained above, Plaintiff will be given the opportunity to amend his complaint. As a result, this motion is denied as premature.

**IV.     Motions for temporary restraining order and preliminary injunction (ECF Nos. 4, 6, 13, 15)**

The motion for a preliminary injunction requires that this Court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Id. at 20 (citations omitted).). The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Moreover, in seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id*. "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

At this juncture, it is not clear whether Plaintiff will be able to state a claim. In addition, and by way of example, there is no relationship between his request to stop the eviction and the alleged violation. As a result, this Court recommends that these motions be denied without prejudice. Lastly, the request for "protective order and stand down instruction" and for "Marshall enforcement" are duplicative in nature and, accordingly, this Court recommends they be denied.

**V.     Request to file under seal (ECF No. 14)**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to

seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

Any sealed material filed by Plaintiff will be subject to Local Rule IA 10-5 and/or the above standards. As things currently stand, Plaintiff is not requesting any materials to be sealed.[1] As a result, the request is denied as premature.

**VI.   Warning**

Plaintiff is advised that the Court **must first screen his complaint** to determine whether it states any claims upon which relief may be granted. **Until that screening process is complete, the case cannot proceed**. Accordingly, Plaintiff is instructed not file motions seeking relief that is premature (e.g., service of process, requests to seal) or submit duplicative filings. This Court manages a substantial docket with limited resources, and compliance with these directives is required. Any submissions that do not comply may be stricken without further notice.

**VII.   Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 12) is **granted.**

**IT IS FURTHER ORDERED** that the complaint is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-3) on the docket.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail a copy of the "Pro Se Complaint for a Civil Case" form.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, he must do so by May 15, 2026. Failure to comply with this order will result in a recommendation that this case be dismissed.

**IT IS RECOMMENDED** that Plaintiff's motion for a Temporary Restraining Order (ECF No. 4) be denied without prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for Preliminary Injunction (ECF No. 6) be denied without prejudice.

---

[1] Plaintiff seeks permission to seal a proposed video, but it has not been filed.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for Protective Order and "Stand Down Instruction" (ECF No. 13) be denied as duplicative of ECF Nos. 4 and 6.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for "Marshall Enforcement" (ECF No. 15) be denied as duplicative of ECF Nos. 4 and 6.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Under Seal (ECF No. 14) is denied as premature.

NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 1, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE